Citation Nr: AXXXXXXXX
Decision Date: 09/29/21 Archive Date: 09/29/21

DOCKET NO. 190624-22096
DATE: September 29, 2021

ORDER

1. Entitlement to service connection for right lower extremity peripheral neuropathy is denied.

2. Entitlement to service connection for left lower extremity peripheral neuropathy is denied.

FINDINGS OF FACT

1. The probative evidence of record does not show that the Veteran's right lower extremity peripheral neuropathy was caused by his military service, to include his service-connected diabetes. 

2. The probative evidence of record does not show that the Veteran's left lower extremity peripheral neuropathy was caused by his military service, to include his service-connected diabetes. 

CONCLUSIONS OF LAW

1. The criteria for service connection for right lower extremity peripheral neuropathy are not met. 38 U.S.C. §§ 101, 1101, 1110, 1112, 1113, 1131, 1153, 5103(a), 5103A, 5107 (2012); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.304, 3.307, 3.309 (2019).

2. The criteria for service connection for left lower extremity peripheral neuropathy are not met. 38 U.S.C. §§ 101, 1101, 1110, 1112, 1113, 1131, 1153, 5103(a), 5103A, 5107 (2012); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.304, 3.307, 3.309 (2019).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served in the United States Marine Corps from March 1964 to March 1967 with service in the Republic of Vietnam. 

These matters come before the Board of Veterans Appeals (Board) on appeal from a June 2019 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO).

The Veteran submitted VA Form 10182 in December 2019 and chose the hearing lane. As such, the Board may only consider evidence that was before the RO in June 2019 and within 90 days of the Veteran's March 2021 hearing. 

In March 2021 the Veteran testified before the undersigned Veteran's Law Judge (VLJ). A copy of the transcript is of record.

SERVICE CONNECTION

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C. §§ 1110; 38 C.F.R. § 3.303. Service connection may be granted for any disease diagnosed after discharge from service when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by service. In general, service connection requires competent evidence showing: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). Service connection may also be established on a secondary basis for a disability which is proximately due to, or the result of, a service-connected disability. 38 C.F.R. § 3.310(a). Secondary service connection may also be established for a disability which is aggravated by a service-connected disability. In order to prevail on the issue of secondary service connection, the record must show (1) evidence of a current disability; (2) evidence of a service-connected disability; and (3) competent evidence establishing that the service-connected disability caused or aggravated the nonservice-connected disability. See Allen v. Brown, 7 Vet. App. 439 (1995).

Lay evidence can be competent and sufficient to establish a diagnosis or etiology when (1) a lay person is competent to identify a medical condition; (2) the lay person is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007). Laypersons, such as the Veteran, are competent to report on matters observed or within his or her personal knowledge, to include the occurrence of injury, and as to the nature, onset, and continuity of symptoms experienced or observed. See 38 C.F.R. § 3.159 (a)(2) (2017); Charles v. Principi, 16 Vet. App. 370 (2002). Layno v. Brown, 6 Vet. App. 465, 470 (1994). The Board, however, retains the discretion to determine the credibility and probative value of all evidence of record, including lay evidence. See Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006).

In adjudicating a claim for VA benefits, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with a claimant prevailing in either event, or whether a preponderance of the evidence is against the claim, in which case the claim is denied. 38 U.S.C. § 5107 (b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990).

Entitlement to service connection for bilateral peripheral neuropathy

The Veteran contends that he experiences bilateral peripheral neuropathy of the feet due to his service-connected diabetes. Neither the Veteran, nor the record, have indicated that direct or presumptive service connection is for application. 

The Veteran filed for service connection in August 2017 contending that the neuropathy was secondary to diabetes. 

He submitted a record of private medical care dated in July 2017 in which the physician listed vital sign data, current medications, and dietary advice. The physician noted, "Diabetes with polyneuropathy numbness and tingling in the feet." The physician advised foot care and a future diabetic eye examination. There was no testing or explanation where and when a previous diagnosis of diabetes had been made. None of the medications listed were for diabetes.

VA examination was provided in September 2017. The Veteran reported symptoms of tingling in the bottom of his feet. The examiner noted the records that showed the ranges of fasting glucose and hemoglobin A1C from 2003 to 2016 and 2014 respectively, and the July 2017 notation by the private physician. The VA examiner noted that there were no blood tests or medication prescribed as would be expected for a diagnosis of diabetes.

The VA examiner opined that the Veteran had bilateral peripheral neuropathy but that it was less likely than not due to his military service. The examiner noted: 

Veteran reported that he has tingling feeling but not numbness on the bottom of his feet for 3 or 4 years, the reason he wears the sandals which helps. He did not mention it to the VA doctor or civilian doctor about tingling feeling on his feet before. He mentioned to civilian doctor on 7/20/2017 visit, and the doctor told him he has neuropathy, but no study/procedure was ordered, no medication was given for his symptoms. His tingling feeling in bottom of the feet has not changed for the last 3 to 4 years.

The VA examiner found that the "current information is insufficient for any additional diagnosis for etiology of his peripheral neuropathy" as there was no evidence in the medical record showing treatment or work-up. He further opined secondary service connection was not for application as the Veteran was, as the time, found not to have diabetes, but rather a 2006 diagnosis of impaired fasting glucose that did not meet the criteria for a diagnosis of diabetes. See #1 September 2017 C&P Exam, p. 4, see also #5 September 2017 C&P Exam, p. 16. 

The RO denied service connection for diabetes and for bilateral peripheral neuropathy in October 2017. The RO explained that service connection was denied on a direct and presumptive basis, as the Veteran's service treatment records (STRs) and medical records did not show complaint, treatment or diagnosis in service, nor within a year of separation. Given that the Veteran's claim of service connection for diabetes was, at the time, denied, secondary service connection was not for application. See October 2017 Rating Decision, Narrative, p. 5. 

The Veteran did not appeal within one year, so the decision became final. In December 2018 the Veteran filed a petition to reopen based upon a claim of secondary service connection of diabetes. 

The Veteran submitted additional records of private care received in December 2018 but dated in January 2018 where the attending physician continued to cite well controlled diabetes with hemoglobin A1C tests slightly higher than normal. The assessment was diabetes with peripheral neuropathy manifesting as tingling and numbness of the feet. 

The RO obtained a file of VA outpatient treatment records starting in 2003 that contained records of education on diabetes and its risk factors and a screening for diseases associated with herbicide exposure in Vietnam but no clear diagnosis of the disease including during an August 2012 herbicide screening examination. In November 2018, a VA clinician noted that the Veteran was being monitored as pre-diabetic. 

However, the outpatient records do show reports of tenderness of the lower back starting in 2004. In October 2005, a clinician noted the Veteran's report that he had been diagnosed with a herniated disc while working in civil service. Low back pain was carried forward on the problem lists but there was no imaging studies or diagnoses for the pain. In the August 2012 herbicide screening examination, no back abnormalities were noted and there was no evidence of peripheral neuropathy in neurological test. 

In May 2019, the RO granted service connection for diabetes, effective March 2019 but deferred a decision on peripheral neuropathy. The RO cited the January 2018 report of the private physician that showed test data supporting that physician's diagnosis of diabetes an associating peripheral neuropathy with the disease but without further explanation. 

A VA examination was then provided in May 2019. The Veteran reported numbness and tingling in the feet with a burning sensation on the bottom of his feet. See #5 May 2019 C&P Exam. The VA examiner opined:

"After performing physical exam and reviewing medical records it is at least as likely as not the veteran's radicular pain condition is related to back issues. Records showed that the veteran was diagnosed with radicular pain in 2017, with back pain starting in 2005. Claimant was diagnosed with diabetes in 2019, which was after radicular pain was diagnosed. Therefore, the radicular pain is due to back issues condition." See #2 May 2019 C&P Exam. 

The Veteran's claim was reopened and denied by the RO in June 2019. In response, the Veteran submitted VA Form 10182 in December 2019, in which he requested the hearing lane. A hearing was provided in March 2021. The Veteran testified that he began experiencing symptoms of bilateral radiculopathy in 2006 and argued his belief that the lower extremity pain and numbness was caused by his diabetes, as the tingling sensation was only in his feet and not his legs. See March 2021 Hearing Transcript. No communication from the Veteran has been received, and the claim is properly before the Board. 

The Veteran has been diagnosed with bilateral peripheral neuropathy during the appellate period. As such, the first element of service connection has been met. Furthermore, although the Veteran is presumed to have been exposed to the designated herbicide agents in Vietnam, the onset of the symptoms and diagnosis were many years later and not early onset. The Veteran only contends that his current bilateral peripheral neuropathy was caused by his now service-connected diabetes, first clearly diagnosed in January 2018. This is sufficient to meet the criteria for the second element of service connection. 

The Board turns to the third element of service connection, a medical nexus between a current condition and military service. The Board may not provide a nexus opinion, and neither the Veteran, nor his representative, has been shown to possess the requisite medical training or expertise to provide a competent opinion regarding the etiology of his bilateral neuropathy condition. See Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007); see also Jones v. West, 12 Vet. App. 383, 385 (1999) (where the determinative issue is one of medical causation or a diagnosis, only those with specialized medical knowledge, training, or experience are competent to provide evidence on the issue). As such, the Board turns to the medical evidence of record.

Regarding direct and presumptive service connection, neither the Veteran, nor the record, have indicated that it either arose in service or was directly caused by military service. Given that the Veteran's bilateral peripheral neuropathy did not manifest until at least 2006, several decades until after service, the Board finds that neither direct nor presumptive service connection are for application. Rather, the Board shall consider the Veteran's claim of secondary service connection. Here, there is a single probative nexus opinion of record, in the form of the May 2019 VA examination. The Board acknowledges the records of care from the private physician in 2017 and 2018 who associated the foot symptoms with diabetes both prior to and at the time of the clear diagnosis. However, this physician did not provide any rationale or address the history of low back pain. 

The Board finds that the negative nexus opinion provided is of greater value, as the VA examiner conducted an in-person examination, reviewed the Veteran's medical record, considered the Veteran's lay statements and provided a detailed rationale based upon the record. There is a shortcoming in that the Veteran has a long history of back pain and one report of an earlier herniated disc, but no clear diagnosis of a lumbar spine disorder. However, there is competent evidence citing the history of low back pain as a cause for the neuropathy. 

In reaching this conclusion, the Board is aware that the Veteran testified at his subsequent hearing before the Board that his bilateral peripheral neuropathy began in 2006, while the May 2019 VA examiner found that it began in 2017. While the Veteran is competent to testify as to what he has experienced, the Board places diminished probative value on his testimony due to inconsistency between the Veteran's lay statements as well as the medical record. To the contrary, the medical record supports the findings of the May 2019 VA examiner. 

A careful review of the record shows that low back pain was first reported in December 2005. See January 2019 CAPRI. While the Veteran testified at his hearing that his peripheral neuropathy began in 2006, the record shows that in September 2009 the Veteran specifically denied any numbness or tingling in the lower extremities. See January 2019 CAPRI, p. 367. Furthermore, In August 2012 the Veteran was provided a medical examination, in which it was found that there was "no evidence of peripheral neuropathy." See May 2019 CAPRI, p. 149. A review of the Veteran's private medical treatment records shows that the Veteran first reported tingling in the feet in July 2017, marking the first time in the record that any lay or medical evidence existed concerning bilateral peripheral neuropathy of the lower extremities. See August 2017 Medical Treatment Record Non Government Facility. As such, the Board finds that the record supports the rationale of the May 2019 VA examiner. As such, the Board finds the VA examination to be adequate. In this, the Board notes that in its own lay capacity it is not otherwise qualified to call into question the VA examiner's medical judgment, nor does the Board find any reason to do so. Monzingo v Shinseki, 26 Vet. App. 97 (2012). Given that the Board finds the May 2019 VA examiner's nexus opinion to be of significant probative value and as there is no competing positive nexus opinion, the claim must be denied. 

The Board has considered the applicability of the benefit of the doubt doctrine. Because the preponderance of the evidence is against the Veteran's claim, the benefit of the doubt doctrine does not apply. See 38 U.S.C. § 5107 (b); Gilbert v. Derwinski, 1 Vet. App. 49, 55-57 (1990).

 

J.W. FRANCIS

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board P. Abels, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.